NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3507 |
| Plaintiff - Appellee, | D.C. No.<br>2:21-cr-00031-FLA-1 |
| v. | |
| FRANK HAROLD ROSENTHAL, AKA<br>Frankie Rosenthal, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted September 17, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.

Defendant Frank Rosenthal seeks review of his sentence for wire fraud, where

the district court found that Rosenthal's offense caused an actual loss of $3,912,500.

In accordance with the U.S. Sentencing Guidelines, the court applied an 18-level

sentence enhancement. We affirm.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction to review Rosenthal's sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "A district court's method of calculating loss under the guidelines is reviewed *de novo*, and the determination of the loss amount is reviewed for clear error." *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016).

The district court did not violate *Kisor v. Wilkie* by deferring to U.S.S.G. § 2B1.1(b)(1), Application Note 3(A)'s general rule that loss is the greater of actual or intended loss. *See* 588 U.S. 558, 574 (2019) (holding that courts "should not afford *Auer* deference unless the regulation is genuinely ambiguous.") (citing *Auer v. Robbins*, 519 U.S. 452 (1997). The court based the sentencing enhancement on its calculation of actual loss instead of relying on intended loss, stating that it "consider[s] the loss to be actual loss as defined in application note 3 of the Sentencing Guidelines."

The district court's interpretation is not so confusing that it warrants remand. Rosenthal contends that because no party argued below that the actual loss was $3,912,500, there is no "clear explanation of how the district court came up with its calculation of actual loss." Although the government proposed a total actual loss of more than $5 million, that figure included a fraudulent loan of $1,244,200 induced by a related, but separate, cannabis scheme. As the court itself noted, the "probation officer did not take into consideration losses attributable to conduct outside of the

[charged] scheme." And even if the district court accepted the government's requested actual loss figure of $5,156,700, Rosenthal would have still received the same 18-level sentencing enhancement. Finding that actual loss totaled $3,912,500 was reasonable in this context.

The district court also did not err by including recouped losses in its actual loss calculation. The only guidance regarding credits against loss appears in Application Note 3(D) of the Guidelines commentary, which states that loss shall be reduced by the "money returned . . . by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected" or "[i]n a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral." U.S.S.G. § 2B1.1, cmt. 3(D)(i)-(ii). But neither provision is relevant here. Loss should not be reduced by lulling repayments made only to legitimize Rosenthal's scheme. *See United States v. Blitz*, 151 F.3d 1002, 1012 (9th Cir. 1998) (declining to give the offenders "any credit for the money they spent in perpetuating the fraud against their victims"). And the collateral the victims obtained was "pledged or otherwise provided" by a Rosenthal associate, not Rosenthal.

Moreover, we have previously observed that "[a]lthough U.S.S.G. § 2B1.1 is silent as to the appropriate valuation date for a loss determination, in this case, the actual loss to the victims at the time of the fraud, as opposed to the time of trial or

sentencing, best captures Defendants' culpability." *United States v. Crandall*, 525 F.3d 907, 915 n.8 (9th Cir. 2008). Regardless of any post-hoc recovery, Rosenthal actually obtained $3,912,500 from the victims of his fraud. As the district court did not commit clear error by declining to give credit for the recouped funds, Rosenthal's sentence is **AFFIRMED**.